UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| CHARLES WRIGHT, <br><br> Plaintiff, <br><br> v. <br><br> USAA SAVINGS BANK and USAA FEDERAL SAVINGS BANK, <br><br> Defendants. | No. 2:19-cv-00591 WBS CKD <br><br> MEMORANDUM AND ORDER RE: MOTION TO SUBSTITUTE PLAINTIFF |

----oo0oo----

Plaintiff Charles Wright brought this action against defendants USAA Savings Bank and USAA Federal Savings Bank alleging violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, et seq., and the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, et seq. Wright died shortly thereafter. Defendants then filed a Notice of Suggestion of Death of Plaintiff. (Docket No. 12.) Before the court is plaintiff's motion to substitute Vanessa Wright, plaintiff's wife and representative of plaintiff's estate (id.),

1

as plaintiff. (Docket No. 18.)

## I. Legal Standard

Federal law governs a motion for substitution following a party's death.[1] See In re Irwin, 338 B.R. 839, 849 (E.D. Cal. 2006) (citing Servidone Constr. Corp. v. Levine, 156 F.3d 414, 416 (2d Cir. 1998) ("The Federal rules, rather than state-law principles, govern the procedure for substitution following a party's death, even where the court must apply state substantive law."); 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1952, at 526 (2d ed. 1986) ("In a federal question case, federal law and federal decisions, rather than state law, determine whether the action survives the death of a party.")); see also Sharp v. Ally Financial, Inc., 328 F. Supp. 3d 81, 88 (W.D.N.Y 2018) (applying federal law to evaluate party substitution in TCPA action). Rule 25(a)(1) of

---

[1] Defendants argue that plaintiff must comply with both federal and state law. For that proposition, defendants cite only McKinney v. Singh, No. 1:14-CV-938 AWI GSA (PC), 2015 U.S. Dist. LEXIS 115692. McKinney arose under 42 U.S.C. § 1983. McKinney v. Singh, No. 1:14-CV-938 AWI GSA (PC), 2015 U.S. Dist. LEXIS 76036, at *1. Courts apply state law to motions for substitution in § 1983 cases because "the law of the forum state determines whether a section 1983 action survives or is extinguished upon the death of a party." Savoy v. Schlachter, No. 2:13-CV-00014 JAM AC, 2014 WL 3689365, at *1 (E.D. Cal. July 24, 2014). Further, a plaintiff bringing a survival action under § 1983 "bears the burden of demonstrating that a particular state's law authorizes a survival action and that the plaintiff meets that state's requirements for bringing a survival action." Hayes v. Cty. of San Diego, 736 F.3d 1223, 1229 (9th Cir. 2013); see also McKinney, 2015 U.S. Dist. LEXIS 76036 at *2-3 ("Survival actions are permitted under § 1983 if authorized by applicable state law."). By contrast, this court is not aware of any case applying state law to federal actions that do not allege § 1983 claims. Because this action does not arise under § 1983, state law requirements to substitute a plaintiff do not apply here.

1 the Federal Rules of Civil Procedure provides that "[i]f a party
2 dies and the claim is not extinguished, the Court may order
3 substitution of the proper party." F.R.C.P. 25(a)(1). "A motion
4 for substitution may be made by any party or by the decedent's
5 successor or representative." Id. To avoid dismissal, such a
6 motion must be made within 90 days after service of a statement
7 noting the death. Id. In deciding a motion to substitute under
8 Rule 25(a)(1), the court therefore must consider whether: (1) the
9 claims pled are extinguished; (2) the person being substituted is
10 a proper party; (3) the motion is timely. Id.; Savoy, No. 2:13-
11 CV-00014 JAM AC, 2014 WL 3689365, at *1. If Rule 25(a)(1) is
12 met, "[t]he substituted party steps into the same position as
13 [the] original party." Hilao v. Estate of Marcos, 103 F.3d 762,
14 766 (9th Cir. 1996).

Defendants do not contest that plaintiff's motion to substitute satisfies each of the federal law requirements above. (See Docket No. 21.) Defendants contest only that plaintiff's motion to substitute fails to comply with state law requirements (id.), which do not apply here. The court therefore finds that plaintiff's motion complies with Rule 25(a).

IT IS THEREFORE ORDERED that plaintiff's Motion to Substitute Plaintiff (Docket No. 18) be, and the same hereby is, GRANTED.

Dated: November 27, 2019

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE