Joe Angelo (Bar #268542)
jangelo@gajplaw.com
Gale, Angelo, Johnson, & Pruett, P.C.
1430 Blue Oaks Blvd., Ste. 250
Roseville, CA 95747
916-290-7778
916-721-2767 fax

Attorneys for Plaintiff
Vanessa Wright

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| VANESSA WRIGHT,<br><br>      Plaintiff,<br><br>   v.<br><br>USAA SAVINGS BANK, USAA FEDERAL SAVINGS BANK<br><br>      Defendants. | Case No.: 2:19-cv-00591-WBS-CKD<br><br>**PLAINTIFF'S PRE-TRIAL STATEMENT**<br><br>Date:       April 13, 2020<br>Time:      1:30pm<br>Ctrm:      5<br>Location: 501 I Street, 14th Floor<br>                Sacramento, CA 95814 |

　　　Plaintiff Vanessa Wright (hereinafter "Plaintiff") hereby submits her pre-trial statement in advance of the April 13, 2020 pre-trial conference as scheduled by the Court's July 19, 2019 Pretrial Scheduling Order (Document No. 8).  This statement is filed in accordance with the Court's pretrial scheduling order and Local Rule 281.

　　　Plaintiff's counsel respectfully requests that a telephonic appearance be allowed at the April 13, 2020 Pretrial conference pursuant to the terms of General Order 612, issued on March 18, 2020.

//

//

//

# STATEMENT

Plaintiff bring this matter against Defendants USAA Savings Bank and USAA Federal Savings Bank for violation of the Telephone Consumer Protection Act (hereinafter "TCPA") 47 U.S.C. § 227 and the Rosenthal Fair Debt Collection Practices Act (hereafter "Rosenthal Act") Cal. Civ. Code § 1788.  This action was filed by Charles Wright, who passed away during the pendency of the litigation.  His wife, and the current Plaintiff, was substituted into this action pursuant to the Court's November 27, 2019 (Document No. 24).

A. **Jurisdiction and Venue**: The Court has subject matter jurisdiction over Plaintiff's claim for violation of the TCPA pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiff's claim for violation of the Rosenthal Act, pursuant to 28 U.S.C. § 1367(a).  There is no dispute over jurisdiction or venue.

B. **Jury**: Both Parties have requested the matter be heard by a jury.  Plaintiff would consider withdrawing her request for a jury trial for the reasons identified in the "Miscellaneous" portion of this statement below in response to the COVID-19 situation.

Plaintiff estimates that the trial will take two days.  The July 19, 2019 Pretrial Order states the trial is to begin on June 16, 2020 at 9:00am.

C. **Undisputed Facts**:  The Plaintiff believes the following facts to be undisputed, as indicated in the motion for summary judgment that will be filed before the April 1, 2020 deadline imposed by the Court's January 28, 2020 Order (Document No. 32).

Plaintiff is a consumer and had applied for, and was approved, for at least two unsecured credit accounts with Defendant USAA Savings Bank in 2002 and 2015.  When Plaintiff applied for both USAA Savings Bank credit card accounts, he listed his cellular telephone number as his contact number.  In early 2018 Plaintiff developed terminal cancer.  In response Plaintiff's wife, Vanessa Wright, quit her full-time job to care for Plaintiff.  As a result, Plaintiff could not make ongoing payments on the USAA Savings Bank credit card accounts.

Defendant began calling Plaintiff's cellular telephone in September of 2018 regarding the non-payment on his two accounts.  In response to those calls Plaintiff sought legal representation in order to address the financial issues facing his household.  After Plaintiff hired

counsel to assist with the financial issues of his household, a letter of representation and revocation of consent was prepared and mailed to USAA Savings Bank.  The letter of representation and revocation of consent was sent by certified mail through the United States Postal Service.  The Tracking Number for the October 11, 2018 letter is 7018-1130-0001-8627-8489.  The letter was mailed on October 12, 2018 and received by USAA Savings Bank on October 15, 2018, as evidenced by the delivery confirmation generated by the United States Postal Service's Tracking® Results information.

Plaintiff's letter of representation and revocation of consent was mailed to USAA Savings Bank, as USAA Savings Bank issued his credit cards and appeared as the entity on his statements.

USAA continued to place calls to Plaintiff's cellular telephone after the letter of attorney representation and revocation of consent was received in violation of the TCPA and Rosenthal Act.

D.  **Disputed Factual Issues**: Plaintiff is filing her Motion for Summary Judgment on April 1, 2020 in accordance with the Court's January 28, 2020 Order.  Depending on the outcome of that Motion there may not be any disputed factual issues that remain.  Otherwise, Plaintiff believes that Defendant will dispute that the certified letter of attorney representation and revocation of consent was received by USAA Savings Bank.

E.  **Disputed Evidentiary Issues**: Plaintiff is filing her Motion for Summary Judgment on April 1, 2020 in accordance with the Court's January 28, 2020 Order.  Depending on the outcome of that Motion, there may not be any disputed evidentiary issues that need to be addressed.

F.  **Relief Sought**: Plaintiff seeks statutory damages, actual damages, and attorneys' fees. The TCPA provides for statutory damages ranging from $500 - $1,500 per telephone call.  47 U.S.C. § 227(b)(3)(C).  The range of damages, based on 199 telephone calls placed to Plaintiff's cellular telephone after consent was revoked, is $99,500 - $298,500.  The Rosenthal Act provides for recovery of actual damages, statutory damages ranging from $100 - $1,000, Cal. Civ. Code § 1788.30(b) and reasonable attorneys' fees and costs Cal. Civ. Code § 1788.30(C).

G. **Points of Law**: Plaintiff is filing her Motion for Summary Judgment on April 1, 2020 in accordance with the Court's January 28, 2020 Order. Depending on the outcome of her Motion there may not be a dispute of any points of law or legal defenses.

In the Joint Case Management Statement, filed on July 9, 2019, the Defendant claims that Plaintiff did not effectively revoke consent under the TCPA and did not use an ATDS on any of the calls that were placed to Plaintiff. Defendant also denies that it violated the Rosenthal Act.

Plaintiff maintains that consent was revoked as recognized by the Ninth Circuit in *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037 (9th Cir. 2017) and that an ATDS was used as defined by the Ninth Circuit in *Marks v. Crunch San Diego, LLC*, 904 F.3d, 1041, 1049 (9th Cir. 2018). Plaintiff also maintains that USAA Savings Bank contacted Plaintiff after USAA Savings Bank was informed, in writing, that Plaintiff was represented by counsel. *Riggs v. Prober & Raphael*, 681 F.3d. 1097 (9th Cir. 2012).

H. **Abandoned Issues**: None.

I. **Witnesses**: Plaintiff lists the following prospective witnesses to be called:
   a. Vanessa Wright – c/o Gale, Angelo, Johnson, & Pruett, P.C. 1430 Blue Oaks Blvd., Ste, 250, Roseville, CA 95747
   b. Elliot Gale – 1430 Blue Oaks Blvd., Ste. 250, Roseville, CA 95747
   c. Jody Palo – 1430 Blue Oaks Blvd., Ste. 250, Roseville, CA 95747
   d. Michelle Deneen – c/o Benesch, Friedlander, Coplan, & Aronoff, LLP 200 Public Square, Ste. 2300, Cleveland, OH 44114.
   e. David Krueger, 200 Public Square, Ste. 2300, Cleveland, OH 44114

J. **Exhibits – Schedules and Summaries**: The Plaintiff expects to introduce the following documents as exhibits at trial.
   a. USAA Bates Stamped Documents USAA 000001 – 000172.
   b. USAA's Initial Disclosures
   c. Deposition transcript of Michelle Deneen
   d. Deposition transcript of Vanessa Wright

    e.  Plaintiff's October 11, 2018 Letter to USAA Savings Bank

    f.  United States Postal Service Tracking Information re: Plaintiff's October 11, 2018 letter

    g.  Federal Deposit Insurance Corporation BankFind results for USAA Savings Bank

    h.  Nevada Secretary of State Business Information for USAA Savings Bank

    i.  Plaintiff's telephone call logs from USAA Savings Bank

    j.  Spreadsheet of tracking information for notices sent by Plaintiff's counsel

    k.  Plaintiff's Credit Report

    l.  Plaintiff's responses to Defendant's written discovery

K. **Discovery Documents:** Plaintiff expects to use the following discovery documents at trial:

    a.  Deposition transcript of Michelle Deneen

    b.  Deposition transcript of Vanessa Wright

    c.  USAA's responses to Plaintiff's written discovery.

    d.  Plaintiff's responses to Defendant's written discovery.

L. **Further Discovery or Motions:** Plaintiff has prepared and will be filing her Motion for Summary Judgment on April 1, 2020 in accordance with the deadline set by the Court in the Court's January 28, 2020 Order.

M. **Stipulations:** None at this time.

N. **Amendments:** The Plaintiff does not anticipate the need to request for any amendment to be made to her operative complaint.

O. **Settlement Negotiations:** Plaintiff has attempted to discuss settlement with Defendant and suggested utilizing the courts dispute resolution program. Defendant has not responded to any of Plaintiff's settlement discussions. Plaintiff is open to a settlement conference however is unsure of what benefit a court settlement conference under Local Rule 270 would have at this point in the proceeding given the lack of any response from Defendant on the matter.

    Plaintiff would allow the trial judge to act as the settlement judge for the purposes of a settlement conference in response to Section VIII of the Court's July 19, 2019 Pretrial Order.

P. **Agreed Statements**: Without having the Court's ruling on Plaintiff's Motion for Summary Judgment it is difficult at this time to ascertain whether the Parties can agree upon any statement of facts.

Q. **Separate Trial of Issues**: Without having the Court's ruling on Plaintiff's Motion for Summary Judgment, Plaintiff is unable to fully comment on whether a trial on separate issues is advisable. Depending on what issues, if any, remain unresolved after Plaintiff's Motion for Summary Judgment it may be advisable to have a separate trail of issues.

R. **Impartial Experts / Limitation of Experts**: The Plaintiff does not plan on calling any expert witnesses. Plaintiff does not believe that Defendant is planning on calling any expert witnesses.

S. **Attorneys' Fees**: Should Plaintiff prevail, the Rosenthal Act provides for recovery of attorneys' fees and costs. Cal. Civ. Code § 1788.30(c). Plaintiff would file a motion for an award of such fees pursuant to LR 293 and a request for costs pursuant to LR 292.

T. **Trial Exhibits**: Plaintiff does not believe any special handling of trial exhibits is needed.

U. **Trial Protective Order**: Plaintiff will not seek a Trial Protective Order.

V. **Miscellaneous**: Pursuant to the Court's January 28, 2020 Order Plaintiff will be filing her Motion for Summary Judgment. Plaintiff is setting the Motion for hearing on the Court's May 18, 2020 calendar at 1:30pm. Depending on the outcome or result of Plaintiff's Motion for Summary Judgment, some of the issues or exhibits identified above may not be necessary if the Court is able to make a definitive determination on one or more of the issues presented in Plaintiff's Motion.

Plaintiff would be willing to withdraw her jury demand, depending on the status of the COVID-19 situation and what additional guidance may be provided at the time of trial by the Centers for Disease Control and Prevention and California Department of Public Health, as well as any modifications that may be made to General Orders 610, 611, 612, 613, and 614, and any new Orders that may subsequently be issued as needed. Counsel for Plaintiff is currently subject to a Shelter in Place Public Health Order issued by the Health Officer of the County of Marin

pursuant to the California Health and Safety Code § 120295, *et seq*. It appears that the restrictions, which are set to end on April 7, 2020, will be extended through the month of April.

**DATED**: March 31, 2020                           **Gale, Angelo, Johnson, & Pruett, P.C.**

                                         By:   */s/ Joe Angelo*
                                                 Joe Angelo
                                                 Attorney for Vanessa Wright